### THWEATT v. JONES et al.

(Circuit Court of Appeals, Eighth Circuit. May 16, 1898.)

No. 978.

SPECIFIC PERFORMANCE.

Plaintiff entered into negotiations to purchase land in his own name for defendant B. from defendant J., and, after plaintiff had made a payment as earnest money, B. purchased from J. direct, ignoring plaintiff. *Held,* that plaintiff could not maintain a bill for specific performance against defendants, his remedy at law against B. being adequate.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

John J. Hornor and E. C. Hornor, for appellant.
P. C. Dooley and George C. Lewis, for appellees.

Before SANBORN and THAYER, Circuit Judges, and SHIRAS, District Judge.

THAYER, Circuit Judge. This was a bill filed by J. G. Thweatt, the appellant, against Anna A. Jones, W. B. Williams, and A. Boysen, the appellees, for the specific enforcement of a contract for the sale of 3,852.73 acres of land situated in Lee county, in the state of Arkansas. The suit was commenced in the circuit court for Lee county, Ark., from whence it was removed to the circuit court of the United States for the Eastern district of Arkansas, where the original

bill was amended. After the amendment, the defendants interposed a general demurrer to the complaint, which was sustained, and a decree was thereupon entered dismissing the action.

The case as made by the original and amended bills was substantially as follows:

On March 16, 1896, and for some time previous thereto, Anna A. Jones, one of the defendants, was the owner of the lands in controversy. W. B. Williams, another of the defendants, was her brother, and had been duly authorized by a power of attorney to sell and convey said lands. Williams had placed the property in the immediate charge of J. T. Robertson, who resided at Marianna, Ark., and had authorized Robertson to sell the property subject to the approval of said Williams. On March 16, 1896, the plaintiff, Thweatt, at the instance and request of the defendant Boysen, applied to Robertson to purchase the property, whereupon Robertson telegraphed Williams as follows:

"W. B. Williams, Chicago, Ill.: Have sold Geoghegan lands at three dollars per acre, third cash, balance in one and two years seven per cent., two hundred dollars forfeit up. Shall I close deal? Wire at once.
"J. T. Robertson."

In answer to this telegram, Williams replied by telegraph as follows, under date of March 17, 1896:

"J. T. Robertson: Sell tract land net to me three dollars per acre.
"W. B. Williams."

On receipt of the latter telegram, the plaintiff drew the following check, and delivered it to Robertson:

"German National Bank of Little Rock, Ark.: Pay to the order of J. T. Robertson, agent, two hundred dollars, $200.00, earnest money on 3,852.73 acres in 3 N. 1 W. Lee County.            J. G. Thweatt."

This check was subsequently returned to Thweatt by the bank on which it was drawn, and, when it was returned, it bore the following indorsements:

"Pay to the order of W. B. Williams. J. T. Robertson, Agent."
"For deposit. W. B. Williams."
"For collection and remittance, on account of Bank of Montreal, Chicago. Wm. Munro, Manager."

Plaintiff also advanced to Robertson the sum of $70.63 to pay certain taxes that had been assessed against the property in controversy, which sum was retained by Robertson, and has never been refunded. Anna A. Jones, the defendant, subsequently executed a deed for the lands in favor of the plaintiff, and delivered it to Williams; but this deed was afterwards recalled and destroyed, and was not delivered to the plaintiff. Eventually, Anna A. Jones sold and conveyed the lands to her co-defendant A. Boysen and to his wife, Selma Boysen, who had full knowledge of the negotiations that had previously taken place between the plaintiff and said Anna A. Jones.

In addition to the allegations which we have stated in substance, the amended bill also contained the following averment:

"That in March, 1896, the said defendant A. Boysen having proposed to the plaintiff to purchase said land for the sum of $4.00 per acre, said plaintiff commenced an investigation for the purpose of ascertaining at what price

he (the said plaintiff) could buy said lands, intending to buy the same if they could be obtained at a price sufficiently below $4.00 per acre to pay to plaintiff a reasonable profit on his investment; that, having ascertained who controlled the lands and was authorized to offer the same, he proceeded to negotiate for the purchase thereof; that, before he had concluded the contract, the defendant Boysen, being anxious to obtain the land, and fearing that some one else might become the purchaser, approached the plaintiff again to know whether he was in a position to close up the trade with him, and told plaintiff that he feared the Union Land Company would obtain a contract from J. T. Robertson, of Marianna, Arkansas, who he learned was the agent for the sale of said lands, and offered to give to the plaintiff twenty cents additional to the four dollars theretofore agreed to be given him, if he (the plaintiff) would take the train that night, and go directly to Marianna, and close the same with the said Robertson; that thereupon the plaintiff did take the train, and went at once to Marianna, Arkansas, for the purpose of buying the lands through the said Robertson; and that the said Robertson wired without delay to the said Williams as follows: [Here follows the telegram first above quoted of date March 16, 1896.]"

This allegation of the amended bill, taken in connection with other averments, must be construed to mean that the plaintiff was requested to buy the land for Boysen's benefit; that he accepted such employment, and entered into the alleged negotiations with the defendant Williams for the purchase of the property, upon the understanding between himself and Boysen that he should receive for his services in buying the property from Anna A. Jones the difference between the price at which he should purchase the land and $4.20 per acre. This arrangement between the plaintiff and Boysen was entered into, evidently, as a means of fixing the compensation for a service which the plaintiff had agreed to render for and in behalf of Boysen, who was the real purchaser of the land in controversy. The bill contains no allegation that the plaintiff ever advised Boysen of his intention to buy the land and hold it for himself as an investment; and, in the absence of such an averment, it must be presumed that the plaintiff acted in good faith towards his principal, as it was his duty to do; that he entered into the negotiations through Robertson with Williams, at Boysen's instance and request and as his agent; and that whatever right, title, or interest he may have subsequently acquired in the land by virtue of his alleged contract with Anna A. Jones, the owner of the property, he held solely for the benefit of his principal.

Viewing the case in this light, the sole question for consideration is whether the case is one which entitles the plaintiff to equitable relief; and that question, we think, should be decided in the negative. It is clear that the title to the property in controversy, which is now vested in Boysen and wife, ought not to be disturbed, because the plaintiff undertook to acquire the land for their benefit, and confessedly acted as their agent throughout the transactions which culminated, as he now claims, in the execution of a binding contract for the purchase of the property. Under these circumstances, the plaintiff is not entitled to a decree setting aside the conveyance to the Boysens, and compelling a conveyance of the property to himself, even if it be true that they did in effect revoke his authority to act in their behalf by dealing directly with the owner of the property, and making the purchase for themselves. If the plaintiff was dis-

charged by his principal without good cause, or if he accomplished the object for which he was employed, then in either event it is clear that he has an adequate remedy at law to recover the compensation which was promised him for his services, and there would seem to be no adequate ground for seeking equitable relief.

It results from these views that the general demurrer to the complaint was properly sustained, because the wrong complained of therein appears to have been committed by the defendant Boysen, and can be fully redressed by an action at law. It is not even alleged in the bill that the defendant Boysen is insolvent, and that it is necessary for that reason to set aside the conveyance to Boysen, and to vest the title to the property in the plaintiff, for the purpose of securing his claim to compensation for services rendered in negotiating the alleged purchase.

It is urged with much force by the appellees that the demurrer was properly sustained for another reason, viz. because the complaint does not show that any note or memorandum of the contract of sale was made and signed by Anna A. Jones, the party to be charged, or by her duly-authorized agent, which will satisfy the requirements of the statute of frauds as adopted in the state of Arkansas (Mansf. Dig. 1884, c. 68, § 3371), and because the complaint fails to show any such part performance of the contract of sale as will serve to take the case out of the operation of the aforesaid statute. While this point of the demurrer has received some attention, we shall express no opinion thereon, inasmuch as we feel constrained to hold that the demurrer to the bill was properly sustained, for the reasons above indicated. The appellees' motion to dismiss the appeal because the transcript was not filed in time seems to be without merit, and is accordingly overruled. The decree of the circuit court is therefore affirmed.